OPINION OF THE COURT
Edward F. McLaughlin, J.
Petitioner by order to show cause dated August 30, 1979 and returnable at Special Term on September 6, 1979 seeks judicial review under CPLR article 78 by way of mandamus to compel respondents, Michael J. Nassar, Interim County Executive, and William R. Cox, Budget Director of Oneida County, to allow petitioner to inspect a memo written by respondent Cox to respondent Nassar regarding the projected condition of the county’s general fund at the end of the year. The petitioner in this application relies on the New York Freedom of Information Law (Public Officers Law, art 6) and the "Regulations for Freedom of Information Law” adopted by the County of Oneida and article 12 of the County Law.
On August 21, 1979, petitioner received a written request from Dorothy L. Storace, a resident of Oneida County employed in petitioner’s office, to inspect the memo referred to above. Dorothy L. Storace has not participated in this proceed *905 ing. This application was approved by petitioner on the same date without the opportunity to review the document which was not in her custody to determine whether it was exempt, not an invasion of privacy or not in the public interest.
Petitioner made a demand on respondents to inspect the memo which was denied. Respondent Cox wrote a letter dated August 23, 1979 to petitioner which is part of her moving papers in substance stating that he provides the county executive with advice, opinion and judgment to assist the county executive in the preparation and administration of the operating and capital budgets and that the memo requested is pure conjecture derived from his personal judgment with no statistical facts involved. He further advised in this letter that the statistical data had been shown to petitioner and that it is available to anyone to use to derive their own opinions or on which to make judgments.
Respondents do not deny that petitioner has the sole and exclusive custody of county records other than payroll records as provided in section 3 of the Oneida County Freedom of Information Regulations.
Respondents contend that the memo which petitioner seeks to inspect does not contain statistical or factual tabulations or data as defined in the Oneida County Freedom of Information Regulations which reads as follows:
"Section 2. Definitions. For the purpose of this regulation:
"a. The term 'record’ or 'records’ means any file, memorandum, document or other writing constituting * * *
"(iv) internal or external audits and statistical or factual tabulations made by or for the County of Oneida”. # Subdivision b of section 2 reads as follows: "b. As used in this subdivision, the term 'statistical tabulation’ means a collection or orderly presentation of numerical data logically arranged in columns and rows or graphically and the term 'factual tabulation’ means a collection of statements of objective information logically arranged and reflecting objective reality, actual existence, or an actual occurrence. Opinions, policy options and recommendations do not constitute statistical or factual tabulations”. (See, also, 9 NYCRR 145.1 [a] [2].) See, also, section 87 (subd 2, par [g]) of the Public Officers Law which reads as follows: "(g) are inter-agency or intra-agency materials which are not: i. statistical or factual tabulations or data”.
*906 The court has reviewed two intra-office memos in chambers from respondent William R. Cox to respondent Michael J. Nassar and concludes that they do not constitute "statistical or factual tabulations” as defined in the aforesaid statute and Oneida County Regulations but contain only opinions, policy options and recommendations by the budget director to the acting county executive who is the chief budget officer of the county under article 3 (§ 302, subd [c]) of the Oneida County Charter (Local Laws, 1961, No. 3 of County of Oneida).
Section 305 of article 3, entitled "Division of budget”, provides: "There shall be in the office of the county executive a division of the budget headed by a budget director who shall be appointed by and serve at the pleasure of the county executive. Such budget director shall assist the county executive in the preparation and administration of the operating and capital budgets and program and in the study of administrative efficiency and economy.”
The court, having reviewed the order to show cause and supporting papers of petitioner, including the memorandum of law, the memos requested by the petitioner, the answer of the respondents, and having heard the oral arguments of counsel for the respective parties, and after due deliberation, this court denies petitioner’s request and dismisses the petition, without costs, on the grounds that the subject memos sought to be inspected are not a statistical or factual tabulation within the meaning of the statutory law and applicable regulations, but rather contain opinions, policy options or recommendations. (See, also, Dunlea v Goldmark, 54 AD2d 446, 448, affd 43 NY2d 754 on the opn of the Appellate Division.)